UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKE J. RUFFINO,  :  Plaintiff,  :  : v.  :  : THERESA LANTZ, et al.,  :  Defendants.  : | CASE NO. 3:11-cv-1028(VLB)  April 17, 2012 |

### INITIAL REVIEW ORDER

The plaintiff, Jake J. Ruffino, incarcerated and *pro se,* has filed a complaint *pro se* under 42 U.S.C. § 1983.  He names Commissioner of Correction Theresa Lantz, District Administrator Wayne Choinski, Director of Programs and Treatment Mary Marcial, Director of Offender Classification and Population Management Fred Levesque, Warden Jeffrey McGill, Correctional Treatment Officer Kimberly DiCioccio, Drs. Edward Blanchette, Mark Buchanan, Robert Berger, Robert Trestman, Gerard Gagne and Mark Frayne, Nursing Supervisor Kelly Qujano and Health Services Administrator Richard Furey as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id.*  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although detailed allegations

are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that in October 2008, he was a seriously mentally ill detainee confined at Northern Correctional Institution ("Northern"). On October 1, 2008, the plaintiff participated in a therapeutic group session supervised by CTO DiCioccio. During the session, the plaintiff and Inmate Robin Elliot engaged in a hostile verbal exchange and Inmate Elliot threatened to harm the plaintiff.

On October 2, 2008, the plaintiff was permitted to recreate with convicted inmates, including Inmate Elliot, who had a history of violence directed toward prison staff and other inmates. During recreation, Inmate Elliot assaulted the plaintiff. The plaintiff suffered a traumatic brain injury as a result of the assault

2

and was hospitalized until December 3, 2008.

The plaintiff suffers from various medical and mental health conditions and symptoms since the assault. The defendants have been deliberately indifferent to those mental and medical needs. In addition, the conditions of confinement at Northern have exacerbated his medical and mental health conditions. The plaintiff seeks monetary damages from the defendants in their individual capacities as well as declaratory and injunctive relief.

After reviewing the complaint, the court concludes that the case should proceed at this time as to the claims of failure to protect, unconstitutional conditions of confinement and deliberate indifference to medical and mental health needs against all defendants in their individual capacities and against defendants Buchanan, Furey, Quijano, Berger, Trestman, Gagne and Frayne in their official capacities to the extent that plaintiff seeks injunctive and declaratory relief.

### ORDERS

The court enters the following orders:

(1) The claims in the complaint shall proceed against all defendants in their individual capacities and against defendants Buchanan, Furey, Quijano, Berger, Trestman, Gagne and Frayne in their official capacities.

(2) Within fourteen (14) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the Complaint [doc. #1] and this Order on

defendants Buchanan, Furey, Quijano, Berger, Trestman, Gagne and Frayne in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)     Within fourteen (14) days of this Order, the Pro Se Prisoner Litigation Office shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for the defendants and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also

4

include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(8) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(9) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

SO ORDERED this 17th day of April 2012, at Hartford, Connecticut.

                                          /s/
                                     Vanessa L. Bryant
                                     United States District Judge